# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 16-cr-341 |
| v. | : | Hon. John E. Jones III |
| | : | |
| TYKEI GARNER, | : | |
| Defendant. | : | |

## MEMORANDUM & ORDER

### October 4, 2018

Presently before the Court is Defendant, Tykei Garner's ("Mr. Garner") Motion for Judgment of Acquittal and Motion for New Trial. (Doc. 148). For the reasons that follow, we shall deny the Motions.

**I.  BACKGROUND**

Mr. Garner and co-defendant Jerry Fruit ("Mr. Fruit") were indicted on November 16, 2016, for conspiracy to possess with intent to distribute heroin and cocaine, 21 U.S.C. § 846, and for possession with the intent to distribute heroin and cocaine, 21 U.S.C. § 841(a)(1). (Doc. 1). The indictment was a result of a traffic stop on July 5, 2016, in which Pennsylvania State Police Trooper Kent Ramirez ("Trooper Ramirez"), along with fellow Trooper Severin Thierwechter and Trooper First Class John Mearkle, uncovered substantial quantities of cocaine and heroin in a car occupied by Mr. Garner and Mr. Fruit. Trial in the matter was scheduled for June 12, 2018.

On the morning of trial, Mr. Fruit signed a plea agreement and the Court accepted his plea of guilty. Mr. Garner, on the other hand, decided to exercise his right to proceed to trial. The Government presented evidence from the three troopers involved in the traffic stop, along with Caitlynn Brophy, a forensic scientist who testified as to the composition and weights of the drugs seized; Laura Klinger, a latent fingerprint specialist; and Brendan O'Meara, an expert on drug trafficking. In addition, the Government presented the testimony of Joseph Radice, a court clerk who verified that there were no court records in New York indicating that Mr. Garner had a pending child support hearing. Mr. Garner did not present a case.

Following deliberations, the jury returned a guilty verdict on both counts in the indictment on June 13, 2018. On June 21, 2018, Mr. Garner filed the instant motions for judgment of acquittal and new trial, and sought an extension of time to brief the motions until the trial transcripts were prepared. (Doc. 148). We granted the extension the next day. (Doc. 149). On August 30, 2018, after the trial transcripts had been finalized, Mr. Garner filed a supplemental supporting brief. (Doc. 152). The Government filed its opposition brief on September 13, 2018, (Doc. 153), and Mr. Garner replied on September 26, 2018. (Doc. 157). Having been fully briefed, the motions are ripe for review.

II. DISCUSSION

A.  **Motion for Judgment of Acquittal**

In reviewing a motion for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure, "we consider whether the evidence, when viewed in a light most favorable to the government, supports the jury's verdict." *United States v. Fattah*, 902 F.3d 197, 267-68 (3d Cir. 2018) (citing *United States v. Dixon*, 658 F.2d 181, 188 (3d Cir. 1981)). "[W]e must uphold the jury's verdict unless no reasonable juror could accept the evidence as sufficient to support the defendant's guilt beyond a reasonable doubt." *Id.* at 268 (citing *United States v. Coleman*, 811 F.2d 804, 807 (3d Cir. 1987)). Mr. Garner argues that the evidence was insufficient to support the jury's verdict on either Count I or II.

Mr. Garner contends that he was merely a passenger in the car, catching a ride to see his girlfriend in Greencastle, and that the evidence was insufficient to show otherwise. In effect, Mr. Garner sought to have the jury believe that he was but an innocent bystander and clueless passenger in a car loaded with cocaine and heroin. The Government suggests that the evidence, taken as a whole, reasonably permits an inference that Mr. Garner not only knew the drugs were in the car, but that he had an active role in the plan to transport them to Hagerstown, Maryland, for distribution. As an initial matter, in our pretrial order related to Mr. Garner's criminal history, (Doc. 117), we found that Mr. Garner's 2007 conviction for the sale of cocaine was admissible as evidence that he had knowledge of cocaine

distribution and intent to distribute cocaine. During trial, Trooper Ramirez testified that air fresheners had been attached to every vent in the dashboard of the subject vehicle. (Tr. 20:19-21:3). In dash cam video footage entered into evidence, Mr. Garner stated that he was intending to visit his girlfriend and would be returning to New York the following day because he had a child support hearing. (Gov. Ex. 1.3). Contrastingly, however, in the video Mr. Garner had difficulty naming the town where his girlfriend purportedly lived, eventually recalling Greencastle. (*Id.*). In addition, the car contained no luggage or other personal effects typical for an overnight stay, (Tr. 21:4-9; 49:19-21), and the Government adduced evidence that there was no record of any child support hearings in New York for Mr. Garner. (Tr. 78:2-17). Furthermore, once Trooper Mearkle arrived with his K-9 unit, the dog, Zigi, alerted and indicated the odor of controlled substances not only in the trunk and back seat, but also in the front passenger seat. (Tr. 128:12-14).

Based on the totality of the evidence, we find that a reasonable juror could infer that Mr. Garner had previous knowledge of drug distribution techniques and would have known that the car contained drugs and understood the utility of air fresheners in every vent. Moreover, a juror could reasonably infer that Mr. Garner's effort to mislead Trooper Ramirez by giving false information about their destination indicates an attempt to conceal a criminal endeavor. Thus, with respect

to the conspiracy charge in Count I, we find that the evidence was sufficient for a reasonable juror to find that Mr. Garner had an agreement or mutual understanding with Mr. Fruit.  Regarding Count II, the evidence clearly points toward possession or control, particularly with the K-9 unit alerting to the front passenger seat where Mr. Garner sat.  Therefore, when viewed in the light most favorable to the Government, we find that the evidence was sufficient to support the jury's verdict and Mr. Garner's Motion for Judgment of Acquittal is denied.

    **B.**    **Motion for New Trial**

Mr. Garner also moves for a new trial under Rule 33 of the Federal Rules of Criminal Procedure.  Under Rule 33, "the district court 'may vacate any judgment and grant a new trial if the interest of justice so requires.'"  *United States v. Salahuddin*, 765 F.3d 329, 346 (3d Cir. 2014) (quoting Fed. R. Crim. P. 33(a)).  "A district court can order a new trial on the ground that the jury's verdict is contrary to the weight of the evidence only if it believes that there is a serious danger that a miscarriage of justice has occurred – that is, that an innocent person has been convicted."  *Id.* (quoting *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002)).  "Such motions are to be granted sparingly and only in exceptional cases."  *Id.* (quoting *United States v. Brennan*, 326 F.3d 176, 189 (3d Cir. 2003)).  When considering a Rule 33 motion, the district court does not view the evidence in the

5

light most favorable to the Government, but "exercises its own judgment in assessing the Government's case." *Id.* (quoting *Johnson*, 302 F.3d at 150).

Even without applying a deferential standard, we find that the facts, as stated above, support the jury's verdict. Mr. Garner did not provide Trooper Ramirez with a credible reason for his presence in the car. Further, the odor of drugs was apparently overwhelming enough to frustrate K-9 Zigi in his efforts to pinpoint the source, (Tr. 131:1-6), and, as aforestated, required an air freshener in every vent. Mr. Garner understood how drugs were distributed, had to be aware of the strong odor in the vehicle, lied to Trooper Ramirez, and even relieved himself immediately beside the car before the K-9 unit could arrive. (Tr. 46:7-10). Taken in totality, his actions belie his claims of innocence. Given the facts elicited at trial, we easily conclude that there is no danger that a miscarriage of justice has occurred. Therefore, Mr. Garner's Motion for a New Trial is also denied.

## III. CONCLUSION

For the foregoing reasons, we shall deny Mr. Garner's Motion for a Judgment of Acquittal and Motion for a New Trial (Doc. 148).

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. Defendant, Tykei Garner's, Motion for a Judgment of Acquittal and Motion for a New Trial, (Doc. 148), shall be **DENIED**.

s/ John E. Jones III
                                          John E. Jones III
                                          United States District Judge